INDEX VISIBLE, INC., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 25442, 37334 Promulgated December 29, 1930.

*W. C. Warren, Esq.*, for the petitioner.
*E. C. Lake, Esq.*, for the respondent.

942

946

948

950

OPINION.

Morris: While the pleaded issues set forth in allegations of error numbered one, three and four contest the respondent's determination respecting the exhaustion of patents, the basic question is the value of those patents for exhaustion purposes.

As stated in our findings of fact, we have determined the value of the patents to be not less than $148,617.67. One of the principal factors influencing this determination is the award of the appraisers appointed by the Supreme Court of New York. Their valuation was made as a result of a controversy between a stockholder and the corporation. In that controversy it was to the interest of the corporation to keep the valuation as low as possible. The record shows that the appraisers made an exhaustive investigation, extending over a period of several months, and were assisted in arriving at their valuation by briefs and reply briefs of the parties. Their award was the basis for the purchase of Hayes' stock by the cor-

poration, and since the valuation was made as of July 14, 1920, we believe it is entitled to considerable weight in valuing the patents for purposes of exhaustion.

In addition to the above evidence the petitioner offered the opinions of two reputed experts in the visible indexing field, Professor Fisher and Leroi Hutchings. Fisher's qualifications were unquestioned, and he valued the patents in 1920 at $1,000,000. The qualifications of Hutchings were questioned, but his testimony was by no means entirely discredited. He valued the patents as of 1920 at $1,000,000.

Other facts offered by petitioner in support of its valuation of $148,617.67 were its ability to sell its preferred and common stock during the period of reorganization, and the offer of James H. Rand, Sr., to purchase the business and assets in or about 1920 for $150,000.

The basis for the respondent's refusal to allow any value for the patents appears to be the unsatisfactory record of the 1913 company as to earnings. In our opinion the petitioner has adduced proof which satisfactorily explains the causes and reasons for the 1913 company operating at a loss. Considering all the facts in this case, we believe the evidence justifies the value claimed by the petitioner for exhaustion purposes.

In computing petitioner's taxable income for 1923 due credit should be given for its corrected net loss sustained in 1921 and unabsorbed by its 1922 income as provided in section 204 (b) of the Revenue Act of 1921.

*Decision will be entered under Rule 50.*